## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominique M. Walls,<br><br>          Plaintiff,<br><br>v.<br><br>Genesis FS Card Services,<br><br>          Defendants. | Case No. 22-cv-02851 (SRN/ECW)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Dominique M. Walls, 14726 Southampton Dr., Burnsville, MN 55306, Pro Se Plaintiff.

Thomas H. Schaefer, Erstad & Riemer, P.A., 7301 Ohms Lane, Suite 400, Minneapolis, MN 55439, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Genesis FS Card Services' ("Genesis") Motion to Dismiss [Doc. No. 3]. Based on a review of the files and submissions herein, and for the reasons set forth below, the Court remands the case to state court and denies Genesis' Motion as moot.

## I.     BACKGROUND

On September 7, 2022, Dominique M. Walls filed a civil action in Dakota County District Court against Genesis. (Notice of Removal [Doc. No. 1], Ex. 1 (Compl.) at 3.) Ms. Walls served the Complaint on Genesis around October 18, 2022. (Notice of Removal at 2.) On November 7, 2022, Genesis removed to this Court, pursuant to 28 U.S.C. §§ 1331,

1441 and 1446. (*See generally* Notice of Removal.) Genesis timely filed and served the Notice of Removal on Ms. Walls. (*Id.*; *Id.*, Ex. 2 (Def.'s Notice of Filing) at 2.)

On November 14, 2022, Genesis moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (Def.'s Mem. [Doc. No. 5].) On November 15, 2022, the Court ordered Ms. Walls to file her response to Genesis's Motion by December 6, 2022, and ordered Genesis to file and its reply by December 20, 2022. (Briefing Order [Doc. No. 8].) As of the date of this Order, Ms. Walls has not filed a response. On December 20, 2022, Genesis filed its Reply, in which it argues that Ms. Walls' failure to respond to its Motion warrants dismissal with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute. (*See* Def.'s Reply [Doc. No. 9] at 2.)

The Court cannot reach Genesis' arguments, however, because it lacks subject matter jurisdiction to do so and therefore remands this case to state court.

## II.     STANDARD OF REVIEW

Federal courts are "courts of limited jurisdiction" and possess only those powers authorized by Congress and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "A court must have subject matter jurisdiction in order to take any action in the proceeding before it," and thus courts have an obligation to inquire first into the adequacy of jurisdiction when a case is removed from state court. *Matter of Buchman*, 600 F.2d 160, 164 (8th Cir. 1979). "[W]hen there is an indication that jurisdiction is lacking[,]" courts will raise the issue sua sponte. *Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001) (quoting *Thomas v. Basham*,

931 F.2d 521, 522–523 (8th Cir. 1991)). If at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *See* 28 U.S.C. § 1447(c).

A defendant may remove civil actions to federal court only if the claims could have originally been filed in a federal court. *See* 28 U.S.C. § 1441(b). The party who removes an action to federal court carries the burden to establish federal subject matter jurisdiction. *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "All doubts about federal jurisdiction should be resolved in favor of remand." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

## III.   DISCUSSION

Genesis based its removal to this Court on the Complaint's assertion of a federal question under 28 U.S.C. § 1331. (Notice of Removal at 2.)

Removal predicated on federal question jurisdiction "is governed by the well pleaded complaint rule[,]" whereby, "jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (quoting *Pet Quarters, Inc. v. Depository Tr. & Cleaning Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)). A "well pleaded complaint" will establish federal question jurisdiction if (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

The "vast bulk of suits that arise under federal law" assert a claim in which federal law creates the cause of action. *Gunn*, 568 U.S. at 257. "Federal law may create a cause of

3

action 'either expressly or by implication.'" *Great Lakes*, 843 F.3d at 329 (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979)).

Alternatively, if federal law itself does not create a cause of action, federal question jurisdiction may still exist over certain "state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted). State law claims implicate significant federal issues when the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.  However, "[t]his rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes*, 843 F.3d at 331 (alteration in original) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 699–700 (2006)).

Turning to the present matter, construing Ms. Walls' *pro se* Complaint liberally, *see, e.g., Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), she makes three assertions reasonably directed at Genesis: (1) "Genesis FS Card Services breached our contract by breaking the law[;]" (2) "I sent a money order as well to settle the debt. It was sent out [A]ugust 28, 2022 and was accepted and signed for on August 31, 2022[;]" and (3) "Genesis FS Card Services, has rejected my Money Order and Unlawfully enriched themselves from Debts paid by Dominique Martese Walls[.]" (*See* Compl. at 4–

5.) The Complaint also quotes lengthy passages from, inter alia, 18 U.S.C. § 8,[1] 31 U.S.C. § 3123(a) and (b),[2] and 31 U.S.C. § 3130(e)(3).[3] (*Id.* at 4.) Ms. Walls summarizes these statutes, stating:

> Therefore, the government pledges to pay government obligations which Federal Reserve Notes are, and pay them with [Federal Reserve Notes],

---

[1] In relevant part, 18 U.S.C. § 8, titled "Obligation or other security of the United States defined" states:

> The term "obligation or other security of the United States" includes all bonds certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of whatever denomination, issued under any Act of Congress, and canceled United States Stamps.

18 U.S.C. § 8.

[2] In relevant part, 31 U.S.C. § 3123, titled "Payment of obligation and interest on the public debt" states:

> (a) The faith of the United States Government is pledged to pay, in legal tender, principal and interest on the obligations of the Government issued under this chapter.
> (b) The Secretary of the Treasury shall pay interest due or accrued on the public debt. As the Secretary considers expedient, the Secretary may pay in advance interest on the public debt by a period of more than one year, with or without a rebate of interest on the coupons.

31 U.S.C. § 3123.

[3] In relevant part, 31 U.S.C. § 3130, titled "Annual public debt report" states:

> (e) Definitions.—For purposes of this section—
> (3) Net public debt.—The term "net public debt" means the portion of the total public debt which is held by the public.

31 U.S.C. § 3130.

which is legal tender. Taxes and all bills associated with corporations are all government obligations which they must pay when we accept them for value and return them to the government that has an obligation to settle the debt, dollar for dollar.

(*Id.*)

Genesis supports the removal on two, albeit similar, grounds. First, the Complaint "alleges a cause of action arising under the laws of the United States." (Notice of Removal at 1.) And second, Ms. Walls "seeks relief under and cites only to federal statutes[.]" (*Id.* at 2.)

While the Court recognizes that the Complaint is difficult to parse, it does not agree that the Complaint adequately authorizes federal question jurisdiction under either prong of the well-pleaded complaint rule. First, no federal statute cited in the Complaint creates an express cause of action. *See* 18 U.S.C. § 8; 31 U.S.C. § 3123(a–b); 31 U.S.C. § 3130(e)(3). Nor has this Court or, more critically, Genesis identified any evidence that these statutes impliedly create a cause of action against corporate entities.[4] *See Great Lakes*, 843 F.3d at 329–331 (explaining that evidence of congressional intent is necessary to find an implied cause of action). Consequently, there is no basis for federal question jurisdiction under the first prong of the inquiry.

---

[4] Indeed, Genesis argues—in support of its Motion and antithetical to its grounds for removal—that the Complaint lacks a federal cause of action. (Def.'s Mem. at 7 ("Plaintiff failed to cite a cause of action and failed to sufficiently plead how these laws apply to [Defendant].").) The Court agrees. And for the same reason, the Complaint does not adequately authorize federal subject matter jurisdiction as an initial matter. *See Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002) (citing *Stanturf v. Sipes*, 335 F.2d 224, 230 (8th Cir. 1964)) (noting that mere citations to federal statutes or conclusory statements without factual support are insufficient to establish federal jurisdiction).

Second, this Court cannot plausibly find that Ms. Walls' right to relief, should she be entitled to one, necessarily depends on the resolution of a "substantial" federal question under any of the cited statutes.[5] Under *Grable* and its progeny:

> An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is significant to the particular parties in the immediate suit. For a federal interest to be substantial, it must justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues. A federal issue is more likely to be substantial if the Government has a direct interest in the availability of a federal forum to vindicate its own administrative action. A substantial federal issue is more likely to be present if a pure issue of federal law is dispositive of the case; fact-bound and situation-specific issues typically do not implicate substantial federal issues. A federal issue is more likely to be substantial if its resolution will control numerous other cases. By contrast, if a particular federal issue does not arise frequently, it is unlikely to implicate substantial federal interests.

*Martinson v. Mahube-Otwa Cmty. Action P'ship, Inc.*, 371 F. Supp. 3d 568, 574 (D. Minn. 2019) (quotations, alterations, and citations omitted). Plainly stated, the Court cannot find any sufficiently substantial federal issues in the Complaint to establish jurisdiction under

---

[5] Nor will this Court divine any such legal theory from the Complaint to arrive at that conclusion. Although "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 720 (D. Minn. 2015) (quoting *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quotation omitted)). Furthermore, liberal construction means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

Here, Ms. Walls pleaded no facts pertaining to the cited federal statutes. (*See generally* Compl.) Accordingly, this Court cannot assume any legal theories thereunder.

this standard. Consequently, there is also no basis for federal question jurisdiction under the second prong of the inquiry.

In sum, because the Complaint does not present a federal cause of action or a state law claim implicating a substantial federal question, the Court lacks the requisite subject matter jurisdiction to proceed. Accordingly, the Court remands the action to state court, pursuant to 28 U.S.C. § 1447(c), and denies Genesis' Motion to Dismiss as moot.

## IV.   CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   The case is **REMANDED** to state court, in Dakota County, State of Minnesota; and

2.   Defendant's Motion to Dismiss [Doc. No. 3] is **DENIED AS MOOT**.

Dated: April 17, 2023                                    s/ Susan Richard Nelson
                                                                    SUSAN RICHARD NELSON
                                                                    United States District Judge

8